IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JERRY NUTT**                                                                                           **PETITIONER**
**ADC #098540**

CASE NO. 5:19-CV-164-DPM-BD

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                       **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to Chief Judge D.P. Marshall Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

**A.  Criminal Proceedings**

On April 26, 2016, petitioner Jerry Nutt was charged with one count of rape of a minor younger than fourteen years of age, three counts of trafficking a minor for sex, and two counts of computer exploitation of children. (Doc. No. 18-3, pp. 33–34) Because he had previously been convicted of four or more felonies, including a conviction for

second-degree murder, Mr. Nutt was charged as a habitual offender with a strike enhancement.[1] (Doc. No. 18-3, pp. 35, 37–38; Doc. No. 18-4, p. 43)

On advice of counsel, Mr. Nutt pleaded guilty to a single amended count of rape by forceable compulsion. (Doc. No. 18-4, pp. 78–98) In exchange for the guilty plea, the State agreed to drop the remaining charges and the strike enhancement. (Doc. No. 18-4, pp. 13–14) The judge accepted the State's sentencing recommendation and sentenced Mr. Nutt to twenty years' imprisonment. (Doc. No. 18-3, pp. 88–93; Doc. No. 18-4, pp. 18–19)

### B. State Post-Conviction Proceedings

Proceeding without the assistance of counsel, Mr. Nutt sought post-conviction relief in state court. In his petition, Mr. Nutt alleged that his plea counsel denied him access to his discovery file and misled him about the strength of the DNA evidence against him.[2] (Doc. No. 18-3, pp. 103–114) According to Mr. Nutt, he received a copy of his discovery file only after pleading guilty. He attached an April 1, 2016 DNA report and alleged that, according to the report, the "Arkansas Crime Lab excluded [him] through DNA testing" as the perpetrator of the rape. (Doc. No. 18-3, pp. 107, 110) Mr. Nutt claimed that if he had known this information, it would have influenced the

---

[1] Arkansas's habitual-offender and strike-enhancement statute, Ark. Code Ann. § 5-4-501, increases the mandatory minimum sentence applicable to criminal defendants.

[2] Mr. Nutt also claimed that plea counsel misled him about video evidence and did not advise him that he would be ineligible for parole. Because he does not advance these claims in his federal habeas petition, the Court will not address the issues. See *Bracken v. Dormire*, 247 F.3d 699, 702–03 (8th Cir. 2001).

negotiating process, and "without a favorable deal" he would have proceeded to a jury trial. (Doc. No. 18-3, pp. 107–108)

The state court held a post-conviction evidentiary hearing, at which Mr. Nutt's former plea counsel testified. (Doc. No. 18-4, pp. 21–101) Plea counsel conceded that he had not given Mr. Nutt a copy of the discovery file due to the risk that sensitive information might get into the hands of inmates other than Mr. Nutt. (Doc. No. 18-4, pp. 28–29) Plea counsel further testified that Mr. Nutt seemed to agree with the discovery arrangement and further testified that he had gone over the discovery materials with Mr. Nutt in "excruciating detail." (Doc. No. 18-4, p. 29)

Plea counsel testified that he advised Mr. Nutt to take the plea deal based on witness statements and a May 4, 2016 DNA report. (Doc. No. 18-4, pp. 29–30, 36, 45, 55) He explained that, while some DNA tests excluded Mr. Nutt as a contributor for two victims, the May 4 report indicated that Mr. Nutt's DNA was detected in the sexual assault kit of a 13-year-old victim, K.R. (Doc. No. 18-4, pp. 32–36, 50, 54)

On cross examination, Mr. Nutt questioned plea counsel about the difference between the April 1 DNA report and the May 4 DNA report. (Doc. No. 18-4, pp. 51–54) Plea counsel responded that the May 4 report included samples that were not tested in the April 1 report and those additional samples—four tape lifts and a vaginal swab of K.R.—came back positive for Mr. Nutt's DNA. (Doc. No. 18-4, pp. 53–54) Plea counsel further explained that Mr. Nutt would face a mandatory life sentence if a jury found him guilty

of raping K.R.³ (Doc. No. 18-4, pp. 38, 44–45; Doc. No. 18-3, p. 33) By persuading the State to amend the charge to rape by forceable compulsion—rather than rape of a minor younger than age fourteen—the possibility of a mandatory life sentence was taken off the table.

Even with the amended, reduced rape charge, Mr. Nutt faced a *minimum* 40-year sentence due to the strike enhancement; and that enhancement meant that there was still the possibility of a life sentence.⁴ (Doc. No. 18-4, pp. 45, 55, 83) By convincing the State to drop the strike enhancement, plea counsel was able to negotiate a sentence of 20 years' imprisonment. Plea counsel testified that he felt he "gave [Mr. Nutt] hope" and "did a good job" for him. (Doc. No. 18-4, p. 45)

Mr. Nutt did not have counsel at the evidentiary hearing and did not testify or introduce any evidence. At the conclusion of the hearing, the court agreed to hold a ruling in abeyance for thirty days to give Mr. Nutt an opportunity to retain an attorney. (Doc. No. 18-4, pp. 60–64) After Mr. Nutt failed to do so, the court denied relief based on plea counsel's testimony and Mr. Nutt's failure to produce evidence to affirmatively support his claims. (Doc. No. 18-3, pp. 128, 153–155)

---

³ "A defendant who is convicted of rape…involving a victim less than fourteen (14) years of age and who has previously been convicted of one (1) or more of the serious felonies involving violence…*shall* be sentenced to life in prison without the possibility of parole." Ark. Code Ann. § 5-4-501(c)(3) (emphasis added).

⁴ "[A] defendant who is convicted of a serious felony involving violence…and who has been convicted of one (1) or more serious felonies involving violence…shall be sentenced [t]o imprisonment for a term of not less than forty (40) years nor more than eighty (80) years, or life." Ark. Code. Ann. § 5-4-501(c)(1)(A).

Mr. Nutt refined his argument on appeal. In his brief to the Arkansas Court of Appeals, he pointed out that the May 4 report was based on a Y-STR DNA profile. (Doc. No. 18-5) Citing case law, he argued that a Y-STR test could not single out an individual donor and could "do no more than determine if a male may be biologically connected to a biological male paternal line." (Doc. No. 18-5, p. 3)

Mr. Nutt also pointed out that DNA found on one of the victims, C.M., belonged to *John* Nutt "within all scientific certainty." (Doc. No. 18-5, pp. 3, 24) Petitioner *Jerry* Nutt asserted that John Nutt was his biological uncle. (Doc. No. 18-5, p. 3)

Mr. Nutt claimed that plea counsel failed to investigate the "Methodology of Y-STR Technology and it[]s inability to single out a donor." (Doc. No. 18-5, p. 2) He further alleged that he was "coerced into [a] guilty plea of a crime he had not committed" because of plea counsel's incompetent advice regarding the Y-STR report. (Doc. No. 18-5, p. 2)

The Arkansas Court of Appeals held that the dismissal of Mr. Nutt's petition for post-conviction relief was not clearly erroneous. (Doc. No. 18-8) Applying the Supreme Court's standard for ineffective-assistance-of-counsel claims, it found that Mr. Nutt had not presented any evidence to show that plea counsel's performance was constitutionally deficient. Furthermore, the court held, Mr. Nutt had failed to show that he was prejudiced by the allegedly deficient performance of his counsel. *Nutt v. State*, 2020 Ark. App. 137, 5–6 (2020) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

### C. Federal Habeas Proceedings

Mr. Nutt filed the instant petition for federal habeas corpus relief on May 13, 2019.[5] (Doc. No. 1) In the petition, he alleges that his trial counsel provided ineffective assistance throughout the plea negotiation process and that his trial counsel provided false statements during the state post-conviction proceedings.

Director Payne responded to the petition. (Doc. No. 18) He denies that Mr. Nutt is entitled to habeas relief and argues that the Arkansas state court's decision is due deference. Mr. Nutt filed a reply. (Doc. No. 21) For the following reasons, the Court recommends that Mr. Nutt's petition be DENIED and DISMISSED.

### III.  Discussion:

### A. Ineffective Assistance of Counsel

To prove his ineffective-assistance claims, Mr. Nutt must show that his counsel was deficient and that he suffered prejudice as a result of that deficient performance. *Strickland*, 466 U.S. at 687–88, 694.

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland*, 466 U.S. at 689). Because plea bargains are complex negotiations requiring

---

[5] Mr. Nutt filed his federal habeas petition during the pendency of his state appeal; and this case was stayed. (Doc. No. 5) Once Mr. Nutt's state case concluded, the stay was lifted, and Mr. Nutt was given the opportunity to file an amended habeas petition. (Doc. Nos. 10, 12) On January 25, 2021, Mr. Nutt filed a Notice to Stand on Initial Petition. (Doc. No. 17)

counsel to carefully weigh opportunity against risk, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 125 (2011). "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Richter*, 562 U.S. at 105.

Because the Arkansas court adjudicated Mr. Nutt's ineffective-assistance claims on the merits, the issue for this Court is not whether Mr. Nutt made an adequate showing under *Strickland*. *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021) (*per curium*). Instead, the question is whether the Arkansas court's application of the *Strickland* standard was unreasonable and whether their decisions were based on an unreasonable determination of facts. *Richter*, 562 U.S. at 101–02 (citing 28 U.S.C. § 2254(d)); *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (same). In other words, the question for this Court is whether the Arkansas court "managed to blunder so badly that *every* fairminded jurist would disagree" with their findings and conclusions. *Mays*, 141 S. Ct. at 1149 (emphasis added).

This is a daunting hurdle for any petitioner to clear. *Richter*, 562 U.S. at 102. "Even a strong case for relief does not mean the state court's contrary decision was unreasonable." *Id.*

### i. Deficient Performance

For his first claim, Mr. Nutt alleges that his plea counsel failed to investigate the accuracy of Y-STR testing and, consequently, gave him incompetent advice regarding the May 4 DNA report. According to Mr. Nutt, Y-STR testing cannot single out an

7

individual donor and "can do no more than determine subjectively, whether or[] not petitioner can be excluded from a male biological line." (Doc. No. 1, pp. 7–9)

At first blush, Mr. Nutt's argument is compelling. Expert testimony in other cases confirms Mr. Nutt's Y-STR theory;[6] and the May 4 Y-STR report itself states: "neither [Jerry Nutt] *nor any of his paternally related male relatives* can be excluded as the contributor." (Doc. No. 18-4, p. 71) (emphasis added) Yet plea counsel testified unequivocally that Mr. Nutt's DNA was found in K.R.'s sexual assault kit. This Court is not free to "set aside reasonable state-court determinations of fact in favor of its own debatable interpretation of the record." *Rice v. Collins*, 546 U.S. 333, 335 (2006).

After the evidentiary hearing where the April 1 & May 4 DNA reports were introduced, the state court was left with two interpretations of the reports—the State's interpretation that Mr. Nutt's DNA was found in K.R.'s sexual assault kit, a finding supported by the testimony of an experienced criminal defense attorney, and Mr. Nutt's interpretation that his DNA was not found. The state court found plea counsel's testimony credible and rejected Mr. Nutt's position because it was not supported by any

---

[6] See *e.g.*, *United States v. Crump*, No. ACM 39628, 2020 WL 6817741, at *10, n.16 (A.F. Ct. Crim. App. Nov. 10, 2020) (Y-STR DNA testing "is not as discriminating as autosomal STR testing because the Y chromosome is paternally inherited."); *Alexander v. Kemper*, No. 3:17-CV-786-JDP, 2020 WL 4698973, at *5 (W.D. Wis. Aug. 13, 2020) ("Y-STR profile is not precise enough to truly identify an individual source; for instance, all male members in a paternal line share the same Y-STR profile."); *Breest v. MacDonald*, No. 1:18-CV-908-SM, 2020 WL 1480736, at *2, n.1 (D.N.H. Feb. 20, 2020) ("[T]he Y-STR method cannot, with the same high degree of probability as an autosomal STR test, identify a single individual as being the source of particular genetic material. Rather, the Y-STR test can identify a particular genetic profile likely shared by multiple individuals.")

evidence. "Reasonable minds reviewing the record might disagree about the [plea counsel]'s credibility, but on habeas review that does not suffice to supersede the [state] court's credibility determination." *Id.* at 341–42.

Mr. Nutt further claims that his plea counsel was ineffective by declining to give him a copy of the discovery file. In finding that plea counsel's actions did not amount to ineffective assistance of counsel, the Arkansas court found that plea counsel's explanation for not providing Mr. Nutt with the discovery file was reasonable and that plea counsel had gone over the discovery file in detail with Mr. Nutt. A fairminded jurist could agree with these findings.

    ii.    **Prejudice**

Even if plea counsel had erred, Mr. Nutt's federal habeas petition would still fail. The Arkansas court was not unreasonable in finding that Mr. Nutt fell short of establishing prejudice under the *Strickland* standard. *Shinn v. Kayer*, 141 S. Ct. 517, 524 (2020) ("[I]f a fairminded jurist could agree with either [the] deficiency or prejudice holding, the reasonableness of the other is 'beside the point.'") (quoting *Wetzel v. Lambert*, 565 U.S. 520, 524 (2012)).

"[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed

9

preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017); *Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017). Further, "[Mr. Nutt] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Because Mr. Nutt pleaded guilty, rather than proceeding to trial, the record in this habeas review is exceedingly thin as to the evidence and circumstances surrounding the underlying criminal charges. The critical details, however, can be pieced together from the record.

On February 29, 2016, Mr. Nutt was arrested on a warrant for charges of rape and human trafficking. (Doc. No. 18-3, p. 28) Following his arrest and *Miranda* warnings, Mr. Nutt admitted to videotaping three minor girls—aged 13, 16, and 17—performing sexual acts. (Doc. No. 18-3, p. 29) Ultimately, Mr. Nutt was charged, along with two other defendants, with trafficking the three victims. Mr. Nutt was also charged with raping the 13-year-old victim and with two counts of computer exploitation of a child. (Doc. No. 18-3, pp. 33–35)

According to plea counsel, the witnesses were prepared to testify at trial. And, even accepting Mr. Nutt's interpretation of the Y-STR evidence, the DNA reports were just as likely to hurt his case as they were to help him. Contrary to Mr. Nutt's argument, the Crime Lab reports *did not exclude* him as a contributor to the DNA found on the tape lifts and vaginal swab of K.R.; instead, the reports reveal a potential contributor pool so narrow that the perpetrator was almost certainly either Mr. Nutt or one of his male relatives.

By pleading guilty, Mr. Nutt was able to avoid the possibility of life imprisonment or a sentence that, as a practical matter, would have amounted to a life sentence.[7] Considering the circumstances, plea counsel negotiated a highly favorable deal for twenty years' imprisonment.

The Arkansas court could reasonably have found that Mr. Nutt would have accepted the plea agreement even if he had been provided with a copy of his discovery file and even if he had been advised of the non-definitive nature of Y-STR DNA test results.

Furthermore, Mr. Nutt pleaded guilty in open court. "A defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Thompson v. United States*, 872 F.3d 560, 566 (8th Cir. 2017) (citing *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)).

The Arkansas court's conclusion that plea counsel did not perform deficiently under the *Strickland* standard and its conclusion that Mr. Nutt was not prejudiced by counsel's allegedly deficient performance were not unreasonable applications of clearly established federal law; nor were they unreasonable determinations of the facts. Accordingly, Mr. Nutt's ineffective-assistance-of-counsel claims should be dismissed.

---

[7] Under Arkansas law, the rape charged carried a mandatory sentence of life without the possibility of parole; the three trafficking charges each carried a potential sentence of ten years to life in prison; and the two computer exploitation charges carried potential sentences of five to forty years in prison. Ark. Code Ann. §§ 5-18-103(c)(2), 5-4-501(b)–(c), 5-27-605(a)(2).

11

### B. False Statements During State Post-Conviction Proceeding

Mr. Nutt alleges that his plea counsel provided false testimony during the state post-conviction evidentiary hearing. The Arkansas Court of Appeals declined to address this claim, finding that Mr. Nutt failed to preserve the issue for review. While it appears that Mr. Nutt has procedurally defaulted this claim, it is in the interest of judicial efficiency for the Court to proceed, nonetheless, with a discussion on the merits. See *Dodge v. Robinson*, 625 F.3d 1014, 1017 n.1 (8th Cir. 2010) ("Since we can dispose of both claims on the merits, we do not address the issue of procedural default.").

To state a claim for federal habeas relief, Mr. Nutt must allege that he is in custody in violation of the Constitution or other federal law. 28 U.S.C. § 2254(a). Because Mr. Nutt does not have a constitutional right to a state post-conviction proceeding, his allegation of an infirmity during the evidentiary hearing does not state a claim for federal habeas relief. *Bell–Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); see also *Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir.1989) (no constitutional right to an evidentiary hearing during state post-conviction proceedings). His claim regarding plea counsel's false testimony should, therefore, be denied.

## IV. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Nutt has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Nutt has not provided a basis for the Court to

issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

V.     **Conclusion**:

The Arkansas court's rejection of Mr. Nutt's ineffective-assistance-of-counsel claims was not an unreasonable application of the *Strickland* standard and was not an unreasonable determination of the facts. And Mr. Nutt's allegations regarding the state post-conviction evidentiary hearing do not state a claim for federal habeas relief. Accordingly, the Court recommends that Jerry Nutt's petition for writ of habeas corpus (Doc. No. 1) be DISMISSED, with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 18th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE